UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KIMBERLY JACQUEL REBETTER,<br><br>Defendant. | Case No. 2:17-cr-00228-KJD-NJK<br><br>ORDER |

Presently before the Court is Defendant's Motion to Dismiss (#126). The Government filed a response in opposition (#129).

I. Background

Defendant Kimberly Rebetter was indicted (#1) on one count of Conspiracy to Commit Wire Fraud on July 26, 2017.  The alleged conspiracy features co-conspirators recruiting people to reserve hotel rooms in Las Vegas paying defendants via cash or pre-paid debit cards. Defendants then book the hotel rooms using stolen credit card numbers. The Indictment alleges the conspiracy continued through May 27, 2013. Rebetter asserts that her last involvement was in 2011 and she withdrew from the conspiracy. She argues that the statute of limitations is five years and, therefore, the indictment pertaining to her should be dismissed. The Government argues that the facts as alleged in the indictment must be accepted as true for purposes of the motion to dismiss. The Government also asserts that Defendant admitted to the FBI that her involvement continued through 2013.

II. Standard for Motion to Dismiss

Pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, "Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion." A motion to dismiss is generally capable of determination

before trial "if it involves questions of law rather than fact." See United States v. Yip, 248 F.Supp.2d 970, 972 (D.Haw. 2003) (citing United States v. Shortt Accountancy Corp., 785 F.2d 1448, 1452 (9th Cir. 1986)). Generally, the court should not consider evidence appearing outside the four corners of the indictment and "must accept the facts alleged in that indictment as true." United States v. Ruiz–Castro, 125 F.Supp.2d 411, 413 (D.Haw. 2000) (citing Winslow v. United States, 216 F.2d 912, 913 (9th Cir. 1954)). The indictment itself should be "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense." United States v. Blinder, 10 F.3d 1468, 1471 (9th Cir.1993) (citing United States v. Buckley, 689 F.2d 893, 899 (9th Cir.1982)). The court's inquiry must end there. Arguments directed at the merits of the claims must be left for trial.

III. Analysis

The Ninth Circuit has instructed that Rule 12(b) motions are usually appropriate to consider legal issues such as double jeopardy, previous conviction or acquittal, statute of limitations, immunity, and jurisdiction. See United States v. Smith, 866 F.2d 1092, 1096 n. 3 (9th Cir.1989). However, where these legal issues are "intermeshed with questions going to the merits, the issue should be determined at trial." See United States v. Nukida, 8 F.3d at 670 (9th Cir.1993) (citing United States v. Ayarza–Garcia, 819 F.2d 1043, 1048 (11th Cir.)). In deciding pretrial motions to dismiss, the court may not "invade the province of the ultimate finder of fact." Id. at 679. Pretrial motions requiring the court to decide issues of fact may only be decided if the fact determinations are "entirely severable from the evidence to be presented at trial." Id. Where the pretrial claim is "substantially founded upon and intertwined with evidence concerning the alleged offense, the motion falls within the province of the ultimate finder of fact and must be deferred." Id. A "motion to dismiss the indictment cannot be used as a device for summary trial of the evidence." United States v. Boren, 278 F.3d 911, 914 (9th Cir.2002) (citing United States v. Jensen, 93 F.3d 667, 669 (9th Cir.1996)). As the Ninth Circuit explained, the "unavailability of Rule 12 in determination of general issues of guilt or innocence ... helps ensure that the respective provinces of the judge and jury are respected." Id. at 669.

In Nukida, the Ninth Circuit addressed the propriety of deciding pretrial motions to

dismiss. There, the defendant was charged with tampering with consumer products in violation of 18 U.S .C. § 1365. She filed a motion to dismiss the indictment in the district court, arguing that: (a) her alleged conduct did not affect interstate commerce; (b) the charges in the indictment failed to state an offense; and (c) the district court lacked subject matter jurisdiction over the case. Id. at 669. The district court granted Nukida's motion and dismissed the indictment pursuant to Rule 12(b). Id. at 668–69. On appeal, the Ninth Circuit reversed, finding the district court exceeded its authority when it decided Nukida's motion to dismiss. Id. The Ninth Circuit found that deciding the motion required the district court to determine a material element of the offense charged in the indictment, which should have been reserved for the finder of fact at trial because "a motion to dismiss is not the proper way to determine a factual defense." Id. at 669, 672.

Like the motion to dismiss in Nukida, Rebetter's Motion is a "premature challenge to the sufficiency of the government's evidence," and the statute of limitations issue is "intermeshed with questions going to the merits." Id. at 669–70. For purposes of a pretrial motion to dismiss, the court should not consider evidence outside the four corners of the indictment, and it must accept the facts alleged in the indictment as true. The Indictment (#1) alleges that Rebetter and her co-conspirators engaged in acts in furtherance of the conspiracy through May 27, 2013. To prove a conspiracy, the government must prove that Rebetter agreed to accomplish an illegal objective and an overt act on the part of some member of the conspiracy to accomplish that objective. See United State v. Lothian, 976 F.2d 1257, 1261 (9th Cir. 1992). A defendant is criminally liable for any underlying substantive offense committed by co-conspirators during the defendant's membership in the conspiracy. Id. at 1262. Whether the government can prove this is for the jury to determine.

Additionally, withdrawal from a conspiracy is an affirmative defense that negates the element of agreement to accomplish the conspiracy's unlawful objective. Id. A defendant cannot be criminally liable for substantive offenses committed before joining or after withdrawing from a conspiracy. Id. However, once an overt act is committed to accomplish the unlawful objective of the agreement, the crime of conspiracy is complete, and the defendant is liable for acts

committed while he is a member of the conspiracy despite his later withdrawal. Id. Whether, and if so, when, Rebetter withdrew from the conspiracy is for the jury to determine. Although the Motion to Dismiss presents legal questions, her statute of limitations and withdrawal affirmative defenses are "substantially founded on and intertwined with" the evidence concerning the alleged conspiracy itself. Nukida, 8 F.3d at 670. Therefore, the Court denies Defendant's motion to dismiss.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#126) is **DENIED**.

Dated this 19th day of November, 2021.

                                          Kent J. Dawson
                                          United States District Judge